UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMPLOYEE PAINTERS' TRUST, et al.,

Plaintiffs,

v.

PACIFIC NORTHWEST CONTRACTORS, INC., et al.,

Defendants.

CASE NO. C13-5018 BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiffs/Counter-Defendants Employee Painters' Trust, District Council No. 5 Apprenticeship and Training Trust Fund, International Union of Painters and Allied Trades District Council No. 5, The Painters and Allied Trades Labor-Management Cooperation Initiative, Washington Construction Industry Substance Abuse Program, Western Glaziers Retirement Fund, Western Washington Glaziers MRP, and Western Washington Glaziers Org Fund's ("Plaintiffs") motion to dismiss counterclaim and strike affirmative defenses (Dkt. 50) and Defendants Fisher & Sons, Inc., d/b/a JTM Construction ("JTM") and Hartford Fire Insurance Company's ("Hartford") motion for summary judgment (Dkt. 57). The Court has

considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part Plaintiffs' motion and grants JTM and Hartford's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 8, 2013, Plaintiffs filed a complaint against numerous defendants asserting causes of action for breach of contract; injunctive relief; personal liability; breach of fiduciary duty; unjust enrichment; and demand for relief on bonds. Dkt. 1. On February 25, 2013, Defendants David A. Jankanish, Alliance Window and Door, LLC (collectively "Alliance Defendants"), and RLI Insurance Company answered asserting numerous affirmative defenses and a counterclaim against Plaintiffs. Dkt. 48.

March 5, 2013, Plaintiffs filed a motion to dismiss the Alliance Defendants' counterclaim and to strike all of the Alliance Defendants' affirmative defenses. Dkt. 50. On March 22, 2013, the Alliance Defendants responded. Dkt. 55. On March 29, 2013, Plaintiffs replied. Dkt. 60.

On March 28, 2013, JTM and Hartford filed a motion for summary judgment. Dkt. 57. On April 10, 2013, Plaintiffs responded. Dkt. 63. On April 26, 2013, JTM and Hartford replied. Dkt. 67.

## II. FACTUAL BACKGROUND

This case arises out of an alleged failure to pay contributions to Plaintiffs for work performed by Plaintiffs' members for defendant contractors. Plaintiffs allege that the work was covered by certain collective bargaining agreements ("CBA") and, pursuant to those agreements, contributions were mandatory.

With regard to JTM and Hartford, JTM was the prime contractor for the Harold E. Lemay Museum in Tacoma, Washington. JTM subcontracted some work to Defendant Pacific Northwest Contractors, Inc. ("PNC"). Plaintiffs allege that PNC failed to make required contributions under certain CBA's and claims that JTM was unjustly enriched by receiving the benefit of PNC's employees' work without the payment of mandatory contributions.

## III. DISCUSSION

### A. Motion to Dismiss

Plaintiffs move to strike the Alliance Defendants' affirmative defenses and to dismiss the counterclaim. Dkt. 55. With regard to the affirmative defenses, Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

In this case, Plaintiffs argue that the Alliance Defendants asserted a "laundry list" of defenses that have no bearing on the asserted claims. Dkt. 60 at 3–4. The Court agrees. *See* Dkt. 48, ¶¶ 92–104 (list of defenses). Plaintiffs' cause of action is based on a violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*., which is not a typical contract action and allows only certain, specific defenses, some of which are among Alliance Defendants' pled affirmative defenses . *See Southwest Administrator's Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986).

Therefore, the Court grants Plaintiffs' motion on this issue and the Alliance Defendants' affirmative defenses are hereby stricken.

With regard to the counterclaim, the Alliance Defendants have asserted a claim for tortious interference with contractual relations & business expectancy. Dkt. 48 § XI. This claim is based on allegations that, by asserting an action against the Alliance Defendants' bonding company, Plaintiffs have improperly interfered with that contractual relationship as well as other potential business relationships. *Id.*, ¶¶ 109–115. A claim of intentional interference requires (1) the existence of a valid contractual relationship of which the defendant has knowledge, (2) intentional interference with an improper motive or by improper means that causes breach or termination of the contractual relationship, and (3) resultant damage. *Elcon Const., Inc. v. Eastern Washington University*, 174 Wn.2d 157, 168 (2012) (citing *Cornish Coll. of the Arts v. 1000 Virginia Ltd. P'ship*, 158 Wn. App. 203, 225 (2010)).

In this case, Plaintiffs have moved to dismiss this counterclaim arguing that it is both factually insufficient and legally flawed. Dkt. 50 at 8–12. With regard to the factual allegations, the pleading party is not required to provide "'detailed factual allegations,'" but still must show more than "unadorned, the defendant harmed me allegation[s]." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 526 U.S. --- (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The problem with Plaintiffs' argument is that, although it appears to be couched in an "insufficient allegation" manner, it's really an argument for failure to "show[] that [the Allied Defendants'] claims of harm are plausible." Dkt. 50 at 9. The Alliance Defendants have alleged that:

> Plaintiffs' reckless allegations were asserted for an improper purpose and means, to wit, to use these allegations to interfere with contractual relations and expectancies and/or cause a legitimate fear that contractual relations and expectancies would be affected and/or to damage ALLIANCE's reputation.

Dkt. 48, ¶ 114. Moreover, the Alliance Defendants have correlated this allegation to, at least, the specific contract between them and their surety bonding company. *Id*. ¶ 112. Whether the Alliance Defendants are able to gather admissible evidence to prove this allegation is a matter for a later time. At this point, however, the Alliance Defendants have sufficiently pled their claim. Therefore, the Court denies Plaintiffs' motion to dismiss the counterclaim on the basis that it is insufficiently pled.

With regard to whether the claim is legally flawed if it was sufficiently pled, Plaintiffs' arguments are misplaced. The cases cited by Plaintiffs do not stand for the proposition that an action will not lie for tortuous interference when an entity informs a bonding company of a potential claim against the bonded entity. Most of the cases, however, involved the failure of the claimant to produce evidence on the element of an improper motive or means. For example, in *Elcon Const.*, the Washington Supreme Court upheld the trial court's grant of summary judgment on the claim for tortuous interference because, "absent a showing that [the defending party] acted with an improper purpose, no genuine issues of material fact exist." *Elcon Const.*, 174 Wn.2d at 169. Therefore, the Court denies Plaintiffs' motion to dismiss the counterclaim on the issue of whether it is legally flawed.

With regard to relief, the Alliance Defendants request leave to amend if the Court grants any part of Plaintiffs' motion. Dkt. 55 at 6. It is unclear whether the Court must

grant leave to amend when it grants a Rule 12(f) motion to strike. The Court finds that the proper course would be to reach a stipulated agreement as to the affirmative defenses that are allowed in this type of action. *See* Fed. R. Civ. P 15(a)(2). If the parties are unable to agree, then the Alliance Defendants may seek leave to amend. The Court, however, is hopeful that after this round of motion practice the parties use their resources on the merits of their claims instead of the sufficiency of the notice of their claims.

**B. Summary Judgment**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

In this case, JTM and Hartford move for an entry of summary judgment on Plaintiffs' claim for unjust enrichment. Unjust enrichment is a cause of action that asks the Court to impose an implied in law contract between two parties. "A contract implied in law, or 'quasi contract,' . . . arises from an implied duty of the parties not based on a contract, or on any consent or agreement." *Heaton v. Imus*, 93 Wn.2d 249, 252 (1980). "Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484 (2008).

The three elements of an unjust enrichment claim in Washington are: (a) a benefit conferred on defendant by the plaintiff; (b) appreciation or knowledge of the benefit; and (c) that retention of the benefit would be unjust under the circumstances. *Bailie*

*Commc'n, Ltd. v. Trend Bus. Sys. Inc.*, 61 Wn. App. 151, 160 (1991). The third element requires the plaintiff to show that "the party receiving the benefit must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value." *Cox v. O'Brien*, 150 Wn. App. 24, 37 (2009). When the receiving party is a third person beneficiary, the general rule is as follows:

> The mere fact that a third person benefits from a contract between two other persons does not make such third person liable in quasi contract, unjust enrichment, or restitution. Moreover, where a third person benefits from a contract entered into between two other persons, in the absence of some misleading act by the third person, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third person. In other words, a person who has conferred a benefit upon another, by the performance of a contract with a third person, is not entitled to restitution from the other merely because of the failure of performance by the third person.

*Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wn. App. 719, 732 (1987). The *Farwest* court stated that the cases upholding an unjust enrichment claim "involved some clear act of bad faith by the defendant resulting in the defendant's unjust enrichment at the plaintiff's expense." *Id*. at 733.

In this case, JTM and Hartford argue that summary judgment is appropriate because JTM's retention of any benefit would not be unjust under the circumstances. It appears to be undisputed that PNC's employees provided a benefit to JTM and that PNC allegedly failed to make contributions to Plaintiffs. Assuming these facts to be true, Plaintiffs must also show "some misleading act" by JTM, "a clear act of bad faith" by JTM resulting in JTM retaining the benefit at Plaintiffs' expense, or, at the very least, something more than mere non-performance by PNC. *Farwest*, 48 Wn. App. at 732–733.

Remarkably, Plaintiffs have failed to allege a fact that would meet one of these elements. *See* Dkt. 1, ¶¶ 73–82. In fact, Plaintiffs' complaint is nothing but labels, conclusions, and "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965 (2007). Therefore, the Court finds that Plaintiffs have failed to show that there exists any material question of fact for trial.

If in the event the Court is inclined to grant the motion, Plaintiffs request that the Court preliminarily deny the motion or defer any ruling until certain discovery has been completed. Dkt. 63 at 6–8. Although it appears that JTM paid its bills with no knowledge of whether PNC fulfilled its obligations with the unions, Plaintiffs argue that they are entitled to an opportunity to find "discoverable information concerning when JTM knew the Plaintiffs were conferring a benefit upon JTM and when the receipt of this benefit became wrongful or inequitable." Dkt. 63–1, Declaration of Michael Urban, ¶ 11. However, JTM's mere knowledge that PNC is not fulfilling its obligations is neither a misleading act by JTM toward Plaintiffs nor a clear act of bad faith toward Plaintiffs. Because this is an essential element of Plaintiffs' claim against JTM and its surety, the Court finds that Plaintiffs have failed to meet their burden of showing that discovery would uncover "facts essential to justify [their] opposition . . . ." Fed. R. Civ. P. 56(d). Therefore, the Court denies Plaintiffs' request for a Rule 56(d) extension and grants JTM and Hartford's motion for summary judgment.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to dismiss counterclaim and strike affirmative defenses (Dkt. 50) is **GRANTED in part** and **DENIED in part** and JTM and Hartford's motion for summary judgment (Dkt. 57) is **GRANTED**.

Dated this 2nd day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge