UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMPLOYEE PAINTERS' TRUST, et al.,

    Plaintiffs,

v.

PACIFIC NORTHWEST
CONTRACTORS, INC., et al.,

    Defendants.

CASE NO. C13-5018 BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendants Fisher & Sons, Inc., d/b/a JTM Construction ("JTM") and Hartford Fire Insurance Company's ("Hartford") motion for summary judgment (Dkt. 57). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants JTM and Hartford's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 8, 2013, Plaintiffs filed a complaint against numerous defendants asserting causes of action for breach of contract; injunctive relief; personal liability; breach of fiduciary duty; unjust enrichment; and demand for relief on bonds. Dkt. 1. On

1  February 25, 2013, Defendants David A. Jankanish, Alliance Window and Door, LLC

2  (collectively "Alliance Defendants"), and RLI Insurance Company answered, asserting

3  numerous affirmative defenses and a counterclaim against Plaintiffs.  Dkt. 48.

4        On March 28, 2013, JTM and Hartford filed a motion for summary judgment.

5  Dkt. 57.  On April 10, 2013, Plaintiffs responded.  Dkt. 63.  On April 26, 2013, JTM and

6  Hartford replied.  Dkt. 67.

7                          **II. FACTUAL BACKGROUND**

8        This case arises out of an alleged failure to pay contributions to Plaintiffs for work

9  performed by Plaintiffs' members for defendant contractors.  Plaintiffs allege that the

10  work was covered by certain collective bargaining agreements ("CBA") and, pursuant to

11  those agreements, contributions were mandatory.

12        With regard to JTM and Hartford, JTM was the prime contractor for the Harold E.

13  Lemay Museum in Tacoma, Washington.  JTM subcontracted some work to Defendant

14  Pacific Northwest Contractors, Inc. ("PNC").  Plaintiffs allege that PNC failed to make

15  required contributions under certain CBA's and claims that JTM was unjustly enriched

16  by receiving the benefit of PNC's employees' work without the payment of mandatory

17  contributions.

18                              **III. DISCUSSION**

19        Summary judgment is proper only if the pleadings, the discovery and disclosure

20  materials on file, and any affidavits show that there is no genuine issue as to any material

21  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

22  The moving party is entitled to judgment as a matter of law when the nonmoving party

1  fails to make a sufficient showing on an essential element of a claim in the case on which

2  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

3  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

4  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

5  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

6  present specific, significant probative evidence, not simply "some metaphysical doubt").

7  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

8  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

9  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

10  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

11  626, 630 (9th Cir. 1987).

12       The determination of the existence of a material fact is often a close question. The

13  Court must consider the substantive evidentiary burden that the nonmoving party must

14  meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

15  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

16  issues of controversy in favor of the nonmoving party only when the facts specifically

17  attested by that party contradict facts specifically attested by the moving party.  The

18  nonmoving party may not merely state that it will discredit the moving party's evidence

19  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

20  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

21  nonspecific statements in affidavits are not sufficient, and missing facts will not be

22  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

1    In this case, JTM and Hartford move for an entry of summary judgment on

2  Plaintiffs' claim for unjust enrichment.  Unjust enrichment is a cause of action that asks

3  the Court to impose an implied in law contract between two parties. "A contract implied

4  in law, or 'quasi contract,' . . . arises from an implied duty of the parties not based on a

5  contract, or on any consent or agreement." *Heaton v. Imus*, 93 Wn.2d 249, 252 (1980).

6  "Unjust enrichment is the method of recovery for the value of the benefit retained absent

7  any contractual relationship because notions of fairness and justice require it." *Young v.*

8  *Young*, 164 Wn.2d 477, 484 (2008).

9    The three elements of an unjust enrichment claim in Washington are: (a) a benefit

10 conferred on defendant by the plaintiff; (b) appreciation or knowledge of the benefit; and

11 (c) that retention of the benefit would be unjust under the circumstances. *Bailie*

12 *Commc'n, Ltd. v. Trend Bus. Sys. Inc.*, 61 Wn. App. 151, 160 (1991).  The third element

13 requires the plaintiff to show that "the party receiving the benefit must accept or retain

14 the benefit under circumstances that make it inequitable for the receiving party to retain

15 the benefit without paying its value." *Cox v. O'Brien*, 150 Wn. App. 24, 37 (2009).

16 When the receiving party is a third person beneficiary, the general rule is as follows:

17        The mere fact that a third person benefits from a contract between
        two other persons does not make such third person liable in quasi contract,
18     unjust enrichment, or restitution. Moreover, where a third person benefits
        from a contract entered into between two other persons, in the absence of
19     some misleading act by the third person, the mere failure of performance by
        one of the contracting parties does not give rise to a right of restitution
20     against the third person. In other words, a person who has conferred a
        benefit upon another, by the performance of a contract with a third person,
21     is not entitled to restitution from the other merely because of the failure of
        performance by the third person.

22

ORDER - 4

1  *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wn. App. 719, 732 (1987).  The

2  *Farwest* court stated that the cases upholding an unjust enrichment claim "involved some

3  clear act of bad faith by the defendant resulting in the defendant's unjust enrichment at

4  the plaintiff's expense."  *Id.* at 733.

5      In this case, JTM and Hartford argue that summary judgment is appropriate

6  because JTM's retention of any benefit would not be unjust under the circumstances.  It

7  appears to be undisputed that PNC's employees provided a benefit to JTM and that PNC

8  allegedly failed to make contributions to Plaintiffs.  Assuming these facts to be true,

9  Plaintiffs must also show "some misleading act" by JTM, "a clear act of bad faith" by

10  JTM resulting in JTM retaining the benefit at Plaintiffs' expense, or, at the very least,

11  something more than mere non-performance by PNC.  *Farwest*, 48 Wn. App. at 732–733.

12  Remarkably, Plaintiffs have failed to allege a fact that would meet one of these elements.

13  *See* Dkt. 1, ¶¶ 73–82.  In fact, Plaintiffs' complaint is nothing but labels, conclusions, and

14  "formulaic recitation" of the elements of a cause of action.  *Twombly*, 127 S. Ct. at 1965

15  (2007).  Therefore, the Court finds that Plaintiffs have failed to show that there exists any

16  material question of fact for trial.

17      If in the event the Court is inclined to grant the motion, Plaintiffs request that the

18  Court preliminarily deny the motion or defer any ruling until certain discovery has been

19  completed.  Dkt. 63 at 6–8.  Although it appears that JTM paid its bills with no

20  knowledge of whether PNC fulfilled its obligations with the unions, Plaintiffs argue that

21  they are entitled to an opportunity to find "discoverable information concerning when

22  JTM knew the Plaintiffs were conferring a benefit upon JTM and when the receipt of this

1   benefit became wrongful or inequitable."  Dkt. 63–1, Declaration of Michael Urban, ¶ 11.

2   However, JTM's mere knowledge that PNC is not fulfilling its obligations is neither a

3   misleading act by JTM toward Plaintiffs nor a clear act of bad faith toward Plaintiffs.

4   Because this is an essential element of Plaintiffs' claim against JTM and its surety, the

5   Court finds that Plaintiffs have failed to meet their burden of showing that discovery

6   would uncover "facts essential to justify [their] opposition . . . ."  Fed. R. Civ. P. 56(d).

7   Therefore, the Court denies Plaintiffs' request for a Rule 56(d) extension and grants JTM

8   and Hartford's motion for summary judgment.

9                                    **IV. ORDER**

10          Therefore, it is hereby **ORDERED** that JTM and Hartford's motion for summary

11  judgment (Dkt. 57) is **GRANTED**.

12          Dated this 3rd day of May, 2013.

13

14

15                                  BENJAMIN H. SETTLE
                                    United States District Judge

16

17

18

19

20

21

22

ORDER - 6